IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CREATIVE GIFTS, INC.,**
**FASCINATIONS TOYS & GIFTS, INC.,**
**and WILLIAM HONES,**

        Plaintiffs,

v.                                                                                   CIV. No. 97-1266 LH/WWD

**UFO, MICHAEL SHERLOCK**
**and KAREN SHERLOCK,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion for Preliminary Injunction (Docket No. 8). In response to this motion, defendants, who are appearing *pro se*, filed a pleading entitled Defendants' Notice of Opposition to Plaintiffs' Motion for Preliminary Injunction Filed 11/3/97, and Defendants' Motion for Preliminary Injunction (Docket No. 20). The Court, having held an evidentiary hearing on plaintiffs' motion on December 4, 1997, having reviewed the briefs submitted by the parties, having heard arguments of counsel, and being otherwise fully advised in the premises, concludes that plaintiffs' motion is not well taken and that it shall be **denied**.

At the time the Court scheduled the December 4, 1997 hearing, defendants had not yet filed their response to plaintiffs' motion. Defendants' response included a cross-application for preliminary injunction. Plaintiffs had not responded to defendants' application for an injunction

at the time of the hearing and the Court did not permit evidence on this second application for a preliminary injunction at the hearing.  Although the Court stated at the conclusion of the hearing that both motions for preliminary injunction were denied, this Memorandum Opinion and Order corrects this oral ruling to the following extent:   while plaintiffs' motion is denied,  defendants' motion for preliminary injunction shall be held in abeyance at this time.  If defendants wish to pursue their motion in its present form, following the  December 11, 1997 settlement conference, scheduled before Chief Magistrate Judge Deaton, they shall notify this Court of that fact by letter.

Discussion

A party seeking a preliminary injunction must establish:  (1)  that it has a substantial likelihood of success on the merits;  (2)  that the movant will suffer irreparable injury if the preliminary injunction is not granted;  (3)  that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4)  that the injunction will not be adverse to the public interest.  *Lundgrin v. Claytor*,  619 F.2d 61, 63 (10th Cir. 1980).  A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule.  *GTE Corporation v.  Williams*, 731 F.2d 676, 678 (10th Cir. 1984).   Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established.  *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964).   In determining whether a preliminary injunction is warranted, a court must be guided by normal equitable principles and must weigh the practicalities of the situation.  *GTE Corporation v. Williams*  at 677.   The grant or denial of a preliminary injunction is a matter committed to the district court's discretion.  *See Lundgrin v. Claytor* at 63.

In their motion for preliminary injunction, plaintiffs ask this Court to preliminarily enjoin defendants from infringing on their trademark for the pendency of the litigation.  In making this argument, plaintiffs refer only to their claims for federal trademark infringement and false designation of origin, dilution and injury to business reputation claims, and finally, on their unfair trade practices claim (hereafter "three sets of claims").[1]   The Court, in refusing to grant this injunction, is required by Federal Rule of Civil Procedure 52 to set forth the findings of fact and conclusions of law which constitute the grounds of its action.

Findings of Fact

Plaintiffs' only witness at the December 4, 1997  hearing  was William Hones.  Based upon the examination of Mr. Hones by both parties,  and the exhibits admitted during his courtroom testimony, the Court makes the following findings of fact:

1.  Plaintiffs Creative Gifts, Inc. and Fascinations Toys & Gifts, Inc.  are Washington State corporations.  William Hones is the vice president of Creative Gifts, Inc., and president of Fascinations Toys & Gifts, Inc.

2.  Since 1994, plaintiffs have marketed magnetic levitation devices.

3.  On April 4, 1995, Creative Gifts, Inc. was  issued U.S. Patent No. 5,404,062.  Creative Gifts, Inc. is and always has been the owner of this patent.

4.  Creative Gifts, Inc. licensed the manufacture and sale of its devices to Fascinations Toys & Gifts, Inc.

---

[1] In seeking this injunction, plaintiffs did not interject their claims for defamation or intentional interference with prospective contractual relations.

5.  Since 1994, plaintiffs have continuously used the Levitron trademark on levitating devices.

6.  Plaintiff William Hone met defendants for the first time in January 1996 at a Los Angeles gift show.

7.  During a subsequent meeting with defendants, Mr. Hones orally consented to their distribution of a video featuring his levitating device and agreed that they could entitle the video "Secrets of the Levitron".

8.  The defendants asked Mr. Hones permission to use the trademark owned by Creative Gifts as a domain name. Mr. Hones gave them oral permission to do so. The duration and scope of this use, i.e. for exactly what purpose and timeframe this website would be used, are disputed facts before the Court. Mr. Hones testified that the oral agreement was that defendants would use the website to promote and sell his products only. Upon questioning by the Court, Mr. Hones testified that he knew that defendants sold other items on the website which were not his products, such as their video. Such use was, for a considerable period of time, without objection by the plaintiffs.

9.  On October 2, 1996, Network Solutions registered the domain name **levitron.com** for Defendant Mike Sherlock (Affidavit of Leslie A. Gutowski–See Docket No. 7).

10.  Defendants used the word "levitron" and the domain name, **levitron.com**, with the knowledge of plaintiffs and without limitation by them until June 13, 1997, when plaintiffs attempted to have defendants sign a licensing agreement.

11.  No written agreement about use or possession of the domain name was ever reached.

12.  Defendants began advertising plaintiffs' devices and their own video on the Art Bell

radio show.

13.  Defendants sold more than 11,000 of plaintiffs' devices.

14.  On August 24, 1997, defendants published an article on the website entitled, "The Hidden History of the Levitron".

15.  Because plaintiffs considered this article to be damaging to them, on August 28, 1997, counsel for Creative Gifts, Inc. wrote a letter (Ex. 9) to defendants, notifying them that Creative Gifts considered the defendants' continued use of the domain name **levitron.com** to be violative of plaintiffs' trademark rights.  In this letter, Creative Gifts, Inc. requested that defendants voluntarily transfer the domain name to Creative Gifts, Inc..

16.  Defendants have refused to surrender this domain name.

17.  Defendants have filed a pleading with this Court, offering to deposit the original Domain Name Declaration into the Registry of the Court (Docket No. 7).  According to this pleading,  the Domain Name Declaration tenders control over the domain name registration and use of **levitron.com.**

18.  Mr. Hones testified that plaintiffs have suffered injury due to defendants' use of the website which include dilution of the trademark and lost business.

19.  The scope of the permission orally given by Mr. William Hones to defendants for use of the trademark and term "levitron" is disputed.

Conclusions of Law

1.  Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), the doctrine of pendant jurisdiction as codified at 28 U.S.C. § 1367, and 28 U.S.C. §

1332.

      2. Plaintiffs, as movants, have not carried their burden of persuasion as to any one of the four factors which are prerequisite to the granting of a preliminary injunction.

      3. The facts, as contained herein, do not support a conclusion that the merits of the three sets of claims raised by plaintiffs favor one party over the other. The evidence before the Court does not indicate a greater likelihood that plaintiffs will prevail on the merits.

      4. There are many genuine issues of unresolved fact concerning each of the three sets of claims referenced by plaintiffs in their motion for preliminary injunction. Plaintiffs have accordingly failed to meet their burden of persuasion and the Court cannot grant them the relief they seek.

      5. Plaintiffs' acquiescence, to some unknown extent, in defendants' use of the trademark and use of the domain name, makes it impossible for this Court, at this early juncture, to summarily conclude that plaintiffs are likely to prevail on the trademark infringement and false designation of origin claims.

      6. Given the lack of pertinent facts in the record, the Court is unable to evaluate plaintiffs' likelihood of success on the claims of dilution, injury to business reputation and/or unfair trade practices.

      7. Given the lack of a persuasive showing of trademark infringement, this Court cannot presume that irreparable harm has been suffered by plaintiffs. *Amoco Oil Company v. Rainbow Snow, Inc.*, 809 F.2d 656 (10th Cir. 1987).

      8. Plaintiffs admit that defendants have used the trademark and domain name since 1996, yet they waited until November 4, 1997 to file for this preliminary injunction. Plaintiffs' delay in

seeking this type of expedited relief undercuts any conclusion that the alleged infringement has caused them irreparable harm.

9.  Plaintiffs have not established that the threatened injury to them outweighs whatever damage the proposed injunction may cause to defendants.

10.  Plaintiffs have not established that the injunction will not be adverse to the public interest.

11.  Plaintiffs' motion for preliminary injunction is unwarranted and shall be **denied**.

Conclusion

In applying for this injunction, plaintiffs have the burden of persuasion. They have not met this burden, as to any of the three categories of claims or as to any one of the four required factors.  As noted above, there are numerous serious disputes in the material facts, including those surrounding the agreement between the parties relating to the use of the term "levitron" as well as of the domain name.  It is not clear to the Court, at this juncture, which party is likely to prevail in this matter.  I have considered normal equitable principals and have weighed the practicalities of the matters before me.  I once again urge defendants to obtain counsel.

**NOW THEREFORE IT IS ORDERED** that plaintiffs' motion for preliminary injunction (Docket No. 8) is denied.

_____
**U.S. DISTRICT COURT JUDGE**