IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., et al.,

        Plaintiffs,

vs.                                                                             Civ. No. 97-1266 LH/WWD

UFO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court *sua sponte*. On February 23, 1998, Plaintiffs filed a Request for Conference Under Rule 16. On March 10, 1998, Defendants responded to the aforementioned request. The discovery issues in question are laid out sufficiently in the aforementioned pleadings. Defendants wish to have their own depositions taken at their residence in Kingston, New Mexico, and they also wish to take the deposition of Plaintiff William Hones and his father, an officer in Plaintiff corporation, in Kingston. Plaintiff Hones lives in Seattle, Washington, and his father lives in Los Alamos, New Mexico. Plaintiffs seek to have Defendants' depositions as well as those of Plaintiff Hones and his father taken in Albuquerque. In support of this, they point out past obstreperous conduct by Defendant Mike Sherlock and the desirability of taking the depositions in close proximity to the Court.

## **DISCUSSION**

        Because the Defendants are proceeding pro se in this matter, I find that it is expedient and proper to deal with the matter which has been put before me in the respective request and

response as if it were a motion to compel or motion for protective order, depending on the particular party involved. Undue delay and expense can be avoided by proceeding directly to the underlying issues. As a general rule, the deposition of a defendant is taken at the defendant's home or place of business. In this instance, Defendants live in a remote part of the state. Additionally, in court appearances, Defendant Michael Sherlock has comported himself in such a way as to warrant the exercise of caution by the Court in selecting the place for depositions which Mr. Sherlock may attend as a party or a party-deponent. Accordingly, the depositions of Mr. and Mrs. Sherlock as well as the depositions of Plaintiff William Hones and his father, Edward Hones, shall be conducted in Albuquerque at the United States District Court in a conference room which I will provide at the time of the particular deposition. I will be available to rule as necessary should questions arise during the deposition, and there will be no question about appearing on the "turf" of one party or another. Scheduling of the depositions shall be coordinated in advance with my secretary, Carla Eyberg, Telephone (505) 248-8038, so that a conference room may be reserved. Plaintiffs shall pay to Defendants as mileage expense for their trip from Kingston to Albuquerque and back the sum of $140.00 (400 miles round trip at $0.35 per mile) plus subsistence at $30 per day each for Mr. and Mrs Sherlock, plus a lodging allowance of $70.00 per day[1] for each day the Sherlocks are reasonably required to be lodged in Albuquerque in connection with the taking of their depositions. Payments of any amounts due under this order shall be made by check from Plaintiffs' counsel at the end of each day of Defendants' depositions. In the event of any dispute, the court will determine the amount due and payable. The Sherlocks

---

[1] This amount is the total daily allowance for lodging for both Mr. and Mrs. Sherlock; that is, it is not $70 per person.

shall bear their own expenses in connection with their taking of the depositions of William and Edward Hones.

In accordance with Rule 30(b)(2) of the Federal Rules of Civil Procedure, "The party taking the deposition shall state in the notice the method by which the testimony shall be recorded ... and the party taking the deposition shall bear the cost of the recording." If a videotape deposition is utilized, it shall be in accordance with the normal practice in this jurisdiction, and only the deponent shall be videotaped. Only one camera shall be utilized, and it shall be handled by a person who normally is engaged in that type of deposition recording.

The Request for Conference under Rule 16 shall be denied.

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE