IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., et al.,

        Plaintiffs,

vs.                                                     Civ. No. 97-1266 LH/WWD

UFO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court Upon Plaintiffs' motion to compel [Docket No. 50]. Plaintiffs seek complete answers to interrogatories 2 and 5 from Plaintiffs' first set of interrogatories to defendants as well as additional production in connection with Plaintiffs' first request for production to defendants.

Interrogatory No. 2.

    The interrogatory and response read:

> Identify all individuals and entities who have helped Defendants prepare papers for filing in this proceeding or provided advice to Defendants concerning the issues in this proceeding.
>
> We object to this question on the grounds (sic.) that it is not relevant to any of the issues.

The initial responses to interrogatories were unsworn, which requirement Plaintiffs' counsel brought to the attention of Defendants. Assuming that the objection was properly made, it is invalid and it will be overruled. Defendants are appearing pro se and there is also a protective order in place in this litigation. If Defendants are getting help from a lawyer, either by way of advice or in drafting responses, these matters are discoverable. This should lay to rest the issue of

interrogatory no. 2; however, on March 12, 1998, approximately one week before the motion to compel was filed, Defendants served amended answers under oath and their response to interrogatory no. 2 was, "No one."   The answer is sufficient.

Interrogatory No. 5.

>   The interrogatory and response read:

>   Identify with particularity all similarities between Plaintiffs' "Mastering the LEVITRON®" video, which Defendants intend to assert in proving their Lanham Act, Section 43(a) and copyright claims.

>   Much of this information has already been provided in Defendants (sic.) Reply of 1/22/98, additional information is being compiled.

The answer to the interrogatory no. 5 is unsatisfactory.  On or before April 27, 1998, Plaintiff will serve a full and complete answer to the interrogatory.

Request for Production.

>   Plaintiffs contend that by failing to make <u>timely</u> objections to the request for

production, Defendants have waived any objections to the ninety-four items of the request for production.   The text of Defendants' Answer to Plaintiffs' First Request for Production of Documents and Things to Defendants, which was mailed to Plaintiffs on February 24, 1998[1], in pertinent part reads:

>   Defendants...enclose herein the relevant documents compiled to date that have not yet been produced, per Rule 34(b) of the Federal Rules of Civil Procedure as they have been kept in the usual course of business.  Additional records will be made available for copying at Defendants' place of business at an appropriate time.  At the present, Defendants do not have adequate information to compute the total damages as a result of Plaintiffs many and varied unlawful actions.  Many of the documents necessary to assess Defendants' damages are in Plaintiffs' possession.

Defendants fail to make any specific responses to the particular items of the request for production

---

[1] Certificate of mailing on pleading relied upon in setting date.

as is required by the Rules of Civil Procedure. Apparently portions of the documents produced are redacted.

The document request consists of 94 items, some with up to seventeen sub-parts. Plaintiffs would have the pro se Defendants sort all the documents requested into separate and specific stacks to comply with at least 94 categories of documents in the request for production. I find sua sponte that the request for production is overly burdernsome, oppressive, and overreaching; therefore, I need not address the question of the timeliness of Defendants' objections. Plaintiffs should serve their reconsidered and revised request for production on or before April 30, 1998. Defendants shall make their response to the Plaintiffs' second request for production of documents on or before May 18, 1998. A copy of the request and the response shall be sent directly to me. All documents produced by Defendants in connection with this Order shall be produced to Plaintiffs at the office of Plaintiffs' counsel on or before May 26, 1998. The documents shall be arranged so as to be identified with the particular item number in the request. Any objections in connection with the production shall be made at the time of the response. No redaction in a produced document shall be made unless a protective order has been sought by Defendants which would permit such redaction. Defendants will respond properly to this second request for production. I reserve any question of sanctions with respect to both Plaintiffs and Defendants. Caveat Actor.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE