IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., FASCINATIONS
TOYS & GIFTS, INC., and WILLIAM HONES,

      Plaintiffs,

vs.                                                                                          Civ. No. 97-1266 LH/WWD

UFO, MICHAEL SHERLOCK, and
KAREN SHERLOCK,

      Defendants.


MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon the Motion for Protective Order [Docket #65] filed May 11, 1998. I have conducted an *in camera* inspection of three videotapes and a transcript which was submitted with the tapes. The tapes were made of meetings between Plaintiff William Hones and Roy M. Harrigan, in September, 1993, during which the two men discussed at length a levitating magnetic top which Harrigan had made as well as numerous other matters. Hones was exploring the possibility of marketing such a magnetic top product or a refinement of such a product as a toy. Various aspects of the device were discussed and the device itself was usually in the center of the video. Neither Hones nor Harrigan appear on the tapes; however, their voices are recorded. Under Fed. R. Civ. P. 45(c)(2)(B) a "person commanded to produce" by a subpoena is required to make a written objection to such production within 14 days after service of the subpoena. The subpoena in question was served on Harrigan's counsel, Vary, on March 31, 1998. No timely objection was made. Instead, on

May 8, 1998, Vary, on behalf of Harrigan, served the instant motion for protective order. In an abundance of caution I ordered production of the tapes to the Court for an *in camera* inspection. While there might be some information scattered through the six hours of tapes which could approach designation as a "trade secret", release of this rambling and elongated discussion is not likely to result in any injury or prejudice to Harrigan or to the Defendants in this law suit. Attorney Vary's motion for protective order contains no specific references to portions of the materials in question in the form of a privilege log. No such document accompanied the materials received for the *in camera* inspection. A document entitled "Paper Transmitted in connection with Compliance with Order" accompanied the tapes submitted to the Court. This document contained a request for a hearing "before any decision was made on the issue of production of this videotape." No hearing is required. The objections to the subpoena, which would have been the preferable way to raise the issues raised in the instant motion, were waived by the passage time. I find that movant has failed to show good cause for entering a protective order.

WHEREFORE,

IT IS ORDERED that the Motion for Protective Order [Docket 65] be, and it hereby is, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE