IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., et al.,

        Plaintiffs,

vs.                                                              Civ. No. 97-1266 LH/WWD

UFO, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 37 [Motion-85] for an Order Compelling Disclosure and Plaintiffs' Motion to Compel [Motion-82]. Motion-85 seeks "an order compelling Karen Sherlock (Sherlock) to answer questions under oath regarding Defendants' ...efforts to import , sell, market, and/or have manufactured anti-gravity tops."  By an Order entered June 6, 1998, I directed Sherlock to answer certain questions. Sherlock offered to give written answers to the questions she had been directed to answer.  I informed Sherlock that oral answers under oath would be necessary.  I also strongly suggested to Sherlock on the record during her deposition that the reach on the discovery was quite broad and that if she refused to answer questions she should answer and there is extra expense for reconvening the deposition, etc. it would be her problem.  I went on to encourage  Sherlock to answer the questions posed to her, pointing out that I could not act as her counsel. Sherlock's deposition reveals page after page of obstructive and improper objections being interposed in such a way as to make any reasonable inquiry virtually impossible.  Given the confidentiality order

which has been entered in this cause and given the aforementioned order I entered together with my suggestions to Sherlock at the time of her deposition in Albuquerque,[1] her conduct at the deposition can be viewed only as a deliberate and obstinate refusal to submit to the orders and procedures of the Court. Plaintiffs seek to have the deposition reconvened at Defendants' expense including attorney fees and transportation expenses. I do not believe that entering such an order would be effective.

Motion-82 seeks production of certain documents in Albuquerque at the offices of Plaintiffs' counsel in conformity with my memorandum opinion and order entered April 14, 1998. Plaintiffs allege that Defendants have offered to make limited document production to Plaintiffs in Kingston, New Mexico, which is contrary to the terms of my order of April 14, 1998. Defendants have also interposed various objections. A general "log" of documents not produced is supplied by Defendants: however, it is not specific enough to have any utility. In summary, Defendants have utilized the same tactics of resistance and obstruction in document production that appears in the deposition of Ms. Sherlock.

More than adequate accommodation has been made for Defendants because they are representing themselves. There is no reason for the Court to countenance Defendants' continuing misconduct in this cause. The conduct of both of the Defendants in this litigation clearly indicates a disdain for the orders and procedures of this Court. The district judge in this cause, the Honorable C. LeRoy Hansen, can take judicial notice of the conduct of the Defendants in proceedings conducted in his presence, and can note them, if he so desires, in the event he chooses to follow my recommendation.

---

[1] The depositions were held in my conference room to allow stricter control of the parties.

## RECOMMENDATION

I recommend that the Court enter an Order pursuant to Fed. R. Civ. P. 37(b)(2)(C) striking Defendants' Counterclaim.

_____
UNITED STATES MAGISTRATE JUDGE