IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., et al.,

        Plaintiffs,

vs.                                                          Civ. No. 97-1266 LH/WWD

UFO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Compel, filed June 30, 1998 [#87] and Defendants' Motion for an Order to Seal Certain Documents, filed July 28, 1998 [106]. Defendants contend that Plaintiffs' responses to numerous requests for production are either insufficient or not produced at all. They also contend that Plaintiffs' general objections and those based on privileged communications, are waived because of untimeliness.

*Motion to Compel*

Contrary to Defendants' assertions, Plaintiffs' objections were not untimely served, as they were served with the responses. See Peat, Marwick, Mitchell & Co., 748 F.2d 540 (10th Cir. 1984), cert. denied, 469 U.S. 1199 (1985) (objections must be raised at the time the responses to discovery are served). Further, it appears that the discovery responses themselves were also timely served. See Fed.R.Civ.P. R. 34(b). The Certificate of Service which was attached to Plaintiffs'

responses and which is submitted by Plaintiffs with their brief indicates that the responses were served on Defendants by first class mail, postage prepaid, on June 10, 1998 (thirty days after service of the requests). Resp. at 2 and Ex. B.

I defer ruling on the substantive deficiencies alleged by Defendants in the responses, based on an insufficient showing of effort by Defendants to "secure the information or material without court action."  Fed.R.Civ.P. 37(a)(2)(B).   Defendants point to several letters in which they requested an opportunity to confer with Plaintiffs, but these letters were dated *before* Defendants actually received the responses -- before Defendants could possibly know if the responses were inadequate and what additional information they needed.  Defts' Mem, Exs. 4-7.   The rule requiring a good faith conferral does not impose a duty to confer before the responses are filed.

Defendants did send one letter to opposing counsel after the responses were received in which Defendants expressed a desire to confer.  Defts' Mem., Ex. 10.   However, the basis for the request to confer did not concern any substantive deficiencies of Plaintiffs' responses.  In the letter, Defendants complained that Plaintiffs had not produced a log for claimed privileged material, and also stated that they considered Plaintiffs' objections waived for untimeliness.  Plaintiffs' letter in response dealt with both issues and eliminated any further need to confer.  Defts' Mem., Ex. 24.[1]  Defendants made no subsequent attempt to confer with Plaintiffs on the purported inadequacies of the responses themselves.

*Motion for Order to Seal Certain Exhibits*

Defendants have submitted various exhibits under seal with their reply.  They state that they dispute the confidential nature of the documents, but have "opted for prudence" in submitting them under seal until their "actual status . . . is determined."  Without ruling on whether these documents should be designated confidential, I grant Defendants' motion to seal the exhibits for

---

[1] Plaintiffs stated that a privilege log would be "produced in due course," and also correctly informed Defendants that service, and not receipt, of the responses is required within 30 days under the federal rule.

the sole and limited purpose of their submission with the underlying motion.

I see nothing in Plaintiffs' conduct which warrants the imposition of costs or fees as requested by Defendants, aside from the fact that there is no justification for an award of attorney fees for *pro se* litigants who have expended no money for legal representation.  Cmp. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 815  (9th Cir. 1985) ( pro se litigants are not entitled to attorney's fees without express statutory authorization); Burke v. Dept. of Justice, 432 F. Supp. 251 (D.Kan. 1976) (section of FOIA authorizing assessment of attorney fees reasonably incurred does not envision compensation for "time and efforts" of pro se litigants); Kay v. Ehrler, 499 U.S. 432 (1991) (pro se litigant not entitled to fees under 42 U.S.C. §1988, whether or not litigant is a lawyer); Wright v. Crowell, 674 F.2d 521, 522 (6th Cir.1982) (per curiam) (pro se litigants are not entitled to recover attorney's fees).   Now, Therefore,

**IT IS ORDERED** that Defendants' Motion to Compel [#87] is hereby **denied without prejudice**;

**IT IS FURTHER ORDERED** that Defendants' Motion for an Order to Seal Certain Documents [106] is hereby **granted**.

_____
UNITED STATES MAGISTRATE JUDGE