IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC., et al.,

        Plaintiffs,

vs.                                                Civ. No. 97-1266 LH/WWD

UFO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants' Motion for Reconsideration of the Magistrate Judge's July 28, 1998 Report and Recommendation, filed July 30, 1998 [docket entry **#109**]. On July 28, 1998, I entered a Memorandum Opinion and Order [#107] denying Plaintiffs' Motion to Compel and Plaintiffs' Motion for Order Compelling Disclosure [#82, #85]. The circumstances underlying the denials were laid out in a Report and Recommendation [#108] which accompanied the Order and in which I made a recommendation that Defendants' Counterclaim be stricken pursuant to Fed.R.Civ.P. 37(b)(2)(C). The recommendation was based on Defendants' "disdain for the orders and procedures of this Court" as exhibited in their "continuing misconduct" during depositions and discovery production. See Rep. & Rec. at 2.

The motion to reconsider was filed by defendants *pro se* and consists essentially of Defendants' apologies to the Court for past behavior and an offer to make Karen Sherlock available for a supplemental deposition. Defendants have also filed Objections to Magistrate

Judge's Recommended Disposition [#119, filed Aug. 21, 1998].[1]  I will address the motion to reconsider.  The assigned district judge will consider the objections.

My recommendation of dismissal of Defendants' counterclaim is a dispositive one and as such requires *de novo* review by the district judge in this case, the Honorable C. LeRoy Hansen.  See Ocelot Oil Corp., et al v. Sparrow Industries, et al, 847 F.2d 1458, 1462 (10th Cir. 1988); Seattle-First Nat'l Bank v. Carlstedt et al, 800 F.2d 1008, 1010 (10th Cir. 1986) (dismissal of counterclaim considered a dismissal on pleadings, disposing of defendant's ability to sue plaintiffs).  As I mentioned in my Report, Judge Hansen, in considering the recommendation, may wish to take judicial notice of the conduct of Defendants in proceedings which were conducted in his presence.

I note that, within their objections, Defendants seek clarification for "which counterclaims" have been recommended for dismissal.  My use of the word "Counterclaim" in the Recommendation should not be cause for confusion.  Despite some disagreement between the parties as to the number of counts in the counterclaim, there are distinctly twenty-three (23) counts, which agrees with Plaintiffs' tally.  Thus, the recommended dismissal of the "Counterclaim" refers to all 23 counts.

There is nothing in Defendants' motion to reconsider that would cause me to conclude that I have patently misunderstood a party, made a decision outside the adversarial issues presented to the court, or made an error of apprehension.  Huff v. UARCO, Inc., 925 F.Supp. 550, 561 (N.D.Ill. 1996); see also Shields v. Shetler, 120 F.R.D. 123, 126 (D.Colo. 1988) (a court's decision may be

---

[1]  The objections were prepared by recently obtained defense counsel within an extended period of time which I allowed for the filing [see #116].

reconsidered to correct clear error or prevent manifest injustice).   There is no mistaking the behavior of Defendants to be anything other than disruptive to the judicial process.  The conduct referred to in my Report has caused plaintiffs needless delay and expense in obtaining necessary discovery and shows a "disdain for the orders and procedures of this Court" during depositions and discovery production.  Rep.& Rec. at 2.  Unquestionably, a Court may always be called to task on an error of reasoning.  Defendants apologize for their conduct and attempt to characterize it as an unfortunate but unintentional consequence of their *pro se* status.  However, throughout the discovery process the Defendants have continued to resort to obstructive tactics and inappropriate behavior even after being instructed to proceed otherwise.  This is clearly willful.  Although the Court allows a certain flexibility for parties representing themselves (a flexibility which has been amply exercised on behalf of the Defendants), *pro se* litigants are bound by the same rules of procedure as other litigants.  See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).   A motion to reconsider is not appropriate to reargue an issue already reasoned and decided by the Court.  See Frederick v. Southeastern Penn. Transp. Auth., 926 F.Supp. 63, 64 (E.D.Pa. 1996).   Given the array of circumstances upon which I based my recommendation, ignorance or unfamiliarity with the law is not a sufficient basis for reconsideration.  Therefore,  Defendants' motion [**#109**] is denied.

      **IT IS SO ORDERED**.

                                                    UNITED STATES MAGISTRATE JUDGE