IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CREATIVE GIFTS, INC., FASCINATIONS
TOYS & GIFTS, INC.,** and **WILLIAM HONES,**

            **Plaintiffs,**

vs.                                          Civ. No. 97-1266 LH/WWD

**UFO, MICHAEL SHERLOCK** and
**KAREN SHERLOCK,**

            **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the court on Objections to the Magistrate's Memorandum Opinion and Order (Doc. No. 81) filed by non-party Roy M. Harrigan. Mr. Harrigan objects to Magistrate Judge Deaton's June 10, 1998 Memorandum Opinion and Order that denied his Motion for Protective Order (Doc. No. 65).[1] This motion sought to resist production of three videotapes which had been subject to a March 31, 1998 subpoena. Judge Deaton denied the motion for protective order and refused to prevent the disclosure and production of the videotapes, audio tapes and transcripts of the September 1993 meeting. For the reasons that follow, the magistrate's denial of the motion for a protective order is **affirmed**.

---

[1] This motion would have been more properly designated as an objection to a subpoena, pursuant to FED.R.CIV.P.. 45.

1

Discussion

Judge Deaton, reviewed all six hours of tapes and characterized the content of them as follows:

> The tapes were made of meetings between Plaintiff William Hones and Roy M. Harrigan, in September 1993, during which the two men discussed at length a levitating magnetic top that Mr. Harrigan had made, as well as numerous other matters. Hones was exploring the possibility of marketing such a magnetic top product or a refinement of such a product as a toy. Various aspects of the device were discussed and the device itself was usually in the center of the video. Neither Hones nor Harrigan appear on the tapes; however, their voices are recorded.

*June 10, 1998 Mem. Op and Ord. at 1.*

Judge Deaton denied the Motion for Protective Order on two grounds: (1) due to the failure of Mr. Harrigan to make a timely objection; and (2) due to Mr. Harrigan's failure to designate and due to Judge Deaton's failure to find, based upon his personal review of the tapes, any materials that would likely result in any injury or prejudice to Mr. Harrigan or to the Defendants. Most significantly, Judge Deaton held that objections to the subpoena were waived by the "passage [of] time" *Id*. at 2.

Standards for Motions under FED.R.CIV.P. 72(a)

This Court reviews a magistrate's order under the terms of 28 U.S.C. § 636 and FED.R.CIV.P. 72(a). Rule 72 mandates that a magistrate's order will not be modified or set aside in any way unless it is found to be clearly erroneous or contrary to law. *See also Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461-62 (10th Cir. 1988); *Comeau v. Rupp*, 142 F.R.D. 683, 684 (D.Kan. 1992). Under this standard, the Court must affirm the decision of the magistrate unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot* at 1464. "Because a magistrate is afforded broad

2

discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D.Kan.1991). "Courts have consistently found routine discovery motions to be 'non-dispositive' within the meaning of Rule 72(a)." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). Because Mr. Harrigan objects to Judge Deaton's non-dispositve rulings with regard to discovery, these rulings are subject to review according to the above standards.

Timeliness Issue

The subpoena in question was served on Harrigan's counsel, Michael Vary, on March 31, 1998. No objection to the subpeona was registered with this Court until Mr. Vary, on behalf of Mr. Harrigan, served the motion for protective order on May 8, 1998. At that juncture, Judge Deaton ordered production of the tapes to the Court for an *in camera* inspection. As stated above, Judge Deaton reviewed the tapes and subsequently denied the motion for protective order.

Under FED.R.CIV.P. 45(c)(2)(B) a "person commanded to produce" by a subpoena is required to make a written objection to such production within 14 days after service of the subpoena. It is undisputed that Mr. Harrigan did not file such a written objection with the Court within this time period. By failing to object within the time permitted by the Federal Rules, Mr. Harrigan has waived the right to object. *See Wang v. Hsu,* 919 F.2d 130 (10th Cir. 1990).

Mr. Harrigan has submitted copies of correspondence between his lawyer and that of Mr. Hones. He makes the argument that Judge Deaton's ruling that "no timely objection was made" is "form over substance, in circumstances where the parties have <u>agreed</u> to the procedure to be followed in responding to a subpoena. *Obj. to the Magistrate's Mem. Op. and Ord.* at 3. Mr.

3

Harrigan's counsel seems to represent to the Court that during an April 15, 1998 telephone conversation between him and Mr. Hone's counsel, Mr. Myers, that Mr. Myers never claimed that any objections to the subpoena would be untimely. (Vary Aff. at ¶4) Even assuming this is correct, such a conversation falls short of an agreement to applicable procedures to be followed in responding to the subpoena. While the Court is aware that parties are encouraged to agree to discovery procedures, FED.R.CIV.P. 29, there is no written stipulation between the parties, as contemplated by this Rule. Furthermore, the fact remains that no objection was made with this Court in a timely manner. The rules of civil procedure do not contemplate, nor does Mr. Harrigan offer any support, for the proposition that a unilateral objection by one party to the other will take the place of a formal objection filed with the Court.

      I agree with Judge Deaton's conclusion that a timely objection was not made and that this constituted a waiver to an objection. His decision to this effect is certainly not erroneous nor an abuse of discretion and will not be disturbed.

Lack of Prejudicial or Injurious Content

      To resist discovery under FED.R.CIV.P. 26(c)(7), a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. *See Centurion Indus., Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325 (10th Cir. 1981). I concur with Judge Deaton that the conclusory arguments presented by Mr. Harrigan are inadequate to establish any factual basis to support a finding that the tapes and accompanying transcripts include information that is meritorious of trade secret and confidential status and protection. Nor does Mr. Harrigan provide any specifics as to any alleged harm that will result from production of these materials. I must conclude that Judge Deaton is correct in his finding

4

that Mr. Harrigan has failed to designate any materials that would likely result in any injury or prejudice to Mr. Harrigan.

An abuse of discretion occurs only when the court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). As set forth above, Judge Deaton's denial of the motion for protective order is well founded in law and in fact, it does not constitute an abuse of discretion and shall be affirmed. The videotapes, audio tapes and transcripts of the September 1993 meeting shall be produced within five (5) days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**United States District Court Judge**