# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CREATIVE GIFTS, INC.,
FASCINATIONS TOYS & GIFTS, INC.,
and WILLIAM HONES,

        Plaintiffs,

v.                                                                                                                                   CIV. No. 97-1266 LH/WWD

UFO,
MICHAEL SHERLOCK,
and KAREN SHERLOCK,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion Pursuant to F.R.C.P. 15(a) For Leave to Amend Complaint and Memorandum in Support Thereof (Docket No. 144). The Court, having reviewed the relevant case law as well as the pleadings in the record, including Defendants' Surreply Memorandum of Law, tendered to the Court on March 23, 1999, concludes that Plaintiffs' motion is well taken and will be **granted.**

This lawsuit was filed on September 25, 1997. The original complaint contained the following claims: (1) willful infringement of a federally registered trademark; (2) false designation of origin; (3) dilution of a famous trademark, (4) dilution of and injury to business reputation; (5) unfair trade practices; (6) defamation; and, (7) intentional interference with prospective contractual relations. This complaint contained a prayer for injunctive relief, which was denied following a hearing by Memorandum Opinion and Order on December 10, 1997 (Docket No. 24).

The first of several settlement conferences was held in December 1997, followed by numerous discovery squabbles. In a July 29, 1998 Report and Recommendation (Docket No. 107) and a September 17, 1998 Memorandum Opinion and Order (Docket No. 124) Magistrate Judge Deaton recommended that Defendants' Counterclaim be stricken based on Defendants' "disdain for the orders and procedures of this Court" as exhibited in their "continuing misconduct" during depositions and discovery production. *Id*. at 1. I subsequently affirmed and adopted Judge Deaton's recommendation, which resulted in the entry of an Order that resulted in the dismissal of Defendants' 23 count counterclaim and the denial of Defendants' Motion for Preliminary Injunction (Docket No. 128). Following an October 8, 1998 hearing, this Court denied Defendants' Motion for Summary Judgment on Certain Claims, denied Plaintiffs' motion for summary judgment on Counts I and VII, and granted Plaintiffs' motion to strike certain affirmative defenses (Docket No. 129). This same Order permitted Defendants the late filing of an Amended Answer.

Yet another settlement conference occurred on December 18, 1998 and on January 11, 1999 Judge Deaton allowed Plaintiffs to serve a motion to dismiss Counts II-VII and set up a

responsive briefing schedule (Docket No. 141). The briefs now before the Court were filed pursuant to this January 11, 1999 Order. [1]

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S.321, 330 (1971). Leave sought should be "freely given" in the absence of any justifiable reason for denial of the motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* Court set forth the test for granting leave to amend pleadings:

> In the absence of any apparent or declared reason --- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies made by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc --- the leave sought should, as the rules require, be "freely given."

*Id. See also Las Vegas Ice and Cold Storage Co., v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

As a threshold matter, a party seeking leave to amend should state the grounds for the amendment, and that "justice so requires." The burden usually shifts to the opposing party to show the court that justice requires denial. However, when considerable time has passed between the filing of the original pleading and the motion to amend, the burden remains with the movant to show some valid reason for the delay. *In re Circuit Breaker Litigation*, 175 F.R.D. 547, 550

---

[1] Plaintiffs have framed their motion under Rule 15(a) as opposed to Rule 41(a), arguing that this is more proper because they do not seek to eliminate all of the counts of the Complaint. Defendants do not disagree with this characterization and this approach is acceptable to the Court.

3

(C.D. Cal. 1997).

Plaintiffs seek to narrow the scope of their case to a claim for willful infringement of a federally registered trademark and for equitable relief only. This request comes 17 months after the filing of this litigation, a fact which places the burden on Plaintiffs to show some valid reason for such a delay.

As support for this approach, Plaintiffs state that the following 3 reasons for limiting their claims have only recently become clear to them.

### (1) October 8, 1998 Hearing

It was at this hearing that the Court noted that this lawsuit was principally about the Defendants having the domain name that the Plaintiffs want to use in their marketing. The parties estimated a 5-10 day trial and the Court noted the incredible expense that would be involved in trying such a lawsuit. At the hearing and in their brief, Plaintiffs agreed that the crux of this lawsuit revolves around Defendants' use of the trademark, especially in connection with the domain name. Plaintiffs state that they attempted to resolve these issues at the December 14, 1998 settlement conference with Judge DeGiacomo. Having been unsuccessful, Plaintiffs state that, by way of this motion, they are pursuing the next logical course of action, i.e., to resolve some of the issues by seeking to dismiss all but one of their claims against Defendants.

### (2) Basis for trademark dilution and unfair competition counts no longer exists

Unlike the situation that existed when they filed this lawsuit, Plaintiffs assert that they have determined that Defendants are no longer negotiating a deal to import anti-gravity tops from a Korean company. Moreover, Plaintiffs now are convinced that Defendants do not have the financial means to purchase anti-gravity tops from any source, including Plaintiffs. Consequently,

4

Plaintiffs now believe that Defendants do not have the capability to carry out that particular threat of infringement, resulting in a less significant threat of trademark dilution and unfair competition.

An affidavit attached to Plaintiffs' Reply Brief attests that Plaintiffs were initially contacted on or about October 15, 1998 by a Korean company, with a business proposal regarding the same anti-gravity top that Defendants had planned to import into the United States and sell under the Levitron trademark. It attests that Plaintiffs entered into an agreement on February 13, 1999 with this company. During the negotiations, the affidavit states that a company representative told Mr. Hones that he had discussed a business relationship with the Defendants, but that nothing had come of those discussions. Hones Aff. ¶3. Plaintiffs assert that, until they recently obtained this information from the Korean company, that they believed that their claims under Counts I and VII had greater merit.

<u>(3) At the December 14, 1998 settlement conference, it became clear that Defendants have no financial means to buy products from Plaintiffs, or to pay any judgment that might be awarded.</u>

Plaintiffs state that this settlement conference clarified several issues for them, despite the failure to settle the case. First, this conference illustrated the complexity and depth of the case at hand. Second, it served to establish the inability of Defendants to pay any damages that might ultimately be awarded against them. Consequently, Plaintiffs now wish to narrow their claim to equitable relief only and to eliminate Counts II-VII. In so doing, they seek to avoid taxing their resources as well as those of the Defendants and the Court, only to end up with an uncollectible judgment.

Plaintiffs argue that this motion to amend has not been unduly delayed because it is based on the above-mentioned recent events. Further, that it will not lead to delay, because it seeks to

delete rather than add claims. The amendment would not add to the scope of necessary discovery and it should decrease the complexity and length of the trial. They argue that Defendants will suffer no undue prejudice as a result of an amendment, relying on *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)(The test of undue prejudice is whether allowing the amendment would produce a grave injustice to the opposing party.). Finally, Plaintiffs assert that they are not acting in bad faith or with a dilatory motive in seeking this amendment.

Plaintiffs assert that Defendants' opposition to their motion is purely monetary, i.e., that they want to extract some award of fees as part of the process of resolving this motion. Further, they argue that Defendants have nothing to gain by refusing to agree to the dismissal of the six counts at issue, except to cause Plaintiffs to expend additional financial resources to obtain a meaningless judgment and to waste the Court's time and resources.

Defendants question the veracity of reasons given by Plaintiffs for the delay in the filing of this motion. In their brief in opposition to Plaintiffs' motion, they argue that Plaintiffs should not be allowed to deprive them of the "rightful vindication of their actions in disclosing to the world the skullduggery in which Hones has engaged." *Id*. at 4. They argue that it would be unjust to permit Plaintiffs to withdraw now and evade responsibility for the merciless infliction of financial suffering on them. *Id*.

Having reviewed all briefs of both parties, I am unable to find any of the factors set forth in the *Foman* case or otherwise, that would foreclose my granting the leave to amend. Although this case is now approximately 17 months old, Plaintiffs have explained the timing of their motion seeking to limit their case to my satisfaction. In other words, their explanations appear to be reasonable and I conclude that this amendment has not been unduly delayed. Further, I note that a

great deal of difficulty and delay occasioned in this case up until the time Mr. Adams entered his appearance, was caused by the dilatory tactics of Defendants. In addition to this finding of no undue delay caused by Plaintiffs, I note that Defendants have asserted no undue prejudice to them that would be caused by my allowing this amendment. *See Howey v. United States, et al.,* 481 F.2d 1187, 1190 (9th Cir. 1973)(mere delay alone is insufficient ground upon which to deny a motion for leave to amend, absent prejudice to the opposing party, caused by the delay). I find no undue prejudice resulting to Defendants nor any "grave injustice" that will result from this amendment. Finally, having read all pleadings submitted by Plaintiffs, I am unable to conclude that this proposed amendment is being pursued in bad faith. For these reasons, I conclude that allowing this amendment is in the interests of justice and that leave to file it is hereby **granted**.

Defendants oppose the granting of this amendment and ask the Court to award attorney fees to them if the amendment is allowed. When deciding a motion for leave to amend pursuant to Fed.R.Civ.P. 15(a), it is "within the power of the court to deny the amendment altogether, or to permit it with reasonable conditions and limitations attached." *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 192 F.2d 620, 631 (10th Cir. 1951). For example, a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). The Tenth Circuit affirmed an award of attorney fees because a negligence claim was prosecuted in bad faith for thirteen months prior to being dismissed. *Gobbo Farms,* 81 F.3d at 123. When a plaintiff dismisses an action with prejudice, attorney fees are usually not a proper condition of dismissal, absent exceptional circumstances. *See Aerotech, Inc. v. Estes*, 110 F.3d

7

1523, 1528 (10th Cir. 1997). I find no such exceptional circumstances in this case. Having concluded as I have, that this amendment is in the interests of justice, it would be inappropriate to grant such an award in this case. *See Int'l Assoc. of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390-91 (9th Cir. 1985).

**WHEREFORE, IT IS THEREFORE ORDERED** that Plaintiffs' Motion Pursuant to F.R.C.P. 15(a) for Leave to Amend Complaint (Docket No. 144) is **granted** and that Plaintiffs shall file their First Amended Complaint, in the same form as that attached to their motion, as a separate document, within 10 days of the filing date of this Memorandum Opinion and Order. Furthermore, Counts II-VII of the Complaint now on file with the Court are hereby **dismissed with prejudice**. Both parties shall bear their respective costs and attorney fees incurred in connection with the filing of this motion.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**